E-FILED
Thursday, 20 November, 2014 10:17:08 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG A. CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-3196 |
| | ) |
| GREG SCOTT, | ) |
| | ) |
| Defendant. | ) |

## CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se from his detention in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on a claim that he has been denied the ability to file a habeas action in state court. He alleges that he does not know how to file such an action, that the facility will not allow residents to help each other on legal matters, that the facility has no resources for the plaintiff to figure it out on his own, and that his attempts to obtain help from the state circuit clerk have been unsuccessful.

The Court concludes that the plaintiff has stated an arguable claim for the violation of his right to access the court and petition the court for the redress of grievances. With no access to information, the plaintiff arguably has been unable to pursue a claim which he believes has colorable merit. This claim will proceed against Defendant Scott in his individual and official capacity, since injunctive relief is sought.

**IT IS THEREFORE ORDERED:**

1.   Plaintiff's petition for leave to proceed in forma pauperis is granted (2). Pursuant to its review of the Complaint, the Court finds that the plaintiff states a First Amendment claim for a violation of his right to access the court and/or to petition for the redress of grievances. The claim proceeds against Defendant Scott in his individual and official capacities.

2.   This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as

premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court

of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

	9.	If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

	10.	The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

	12)	The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

	Entered this 20th day of November, 2014.


	                    s/Harold A. Baker                    
	HAROLD A. BAKER
	UNITED STATES DISTRICT JUDGE